**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HENRY MOISES ORTIZ MARROQUUIN,

Petitioner,

v.

MARKWAYNE MULLIN *Secretary of Homeland Security*, ET AL.,

Respondents.

3:26cv01599
ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT GRANTING IN PART AND DENYING IN PART HENRY MOISES ORTIZ MARROQUUIN'S <u>PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)</u>**

Pending is Petitioner Henry Moises Ortiz Marroquuin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. BACKGROUND

Petitioner asserts in his habeas petition, and Respondents do not dispute, that: (1) Petitioner is a native and citizen of El Salvador; (2) Petitioner entered the United States without inspection in March, 2012; (3) on or about August 6, 2026, Petitioner was detained in West Virginia; and (4) Petitioner is detained at Moshannon Valley Processing Center.[1]

Petitioner's habeas petition contains two (2) claims: (1) Petitioner's detention without a bond hearing violates his rights under 8 U.S.C. § 1226(a) ("Section 1226(a)") (First Claim); and (2) Petitioner's detention without bond violates his Fifth Amendment due process rights (Second Claim).

[1] Petitioner has pending removal proceedings, *i.e.*, Petitioner is not subject to a final order of removal. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited 9-14-26).

By way of relief, Petitioner's habeas petition seeks an Order that includes directing Petitioner's immediate release from custody, with all of his possessions, including identifying and immigration documents, or alternatively, ordering Respondents to schedule a bond hearing within seven (7) days at which DHS bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified and is barred from invoking the automatic stay regulation if the immigration judge grants bond.

On September 3, 2026, Respondents filed their response to Petitioner's habeas petition. (Doc. 7). In their response, Respondents stated:

> This habeas petition challenges the lawfulness of detaining without bond, under 8 U.S.C. § 1225(b)(2)(A), the Petitioner – a noncitizen already in the United States who had entered without inspection and, after a passage of time, was encountered by immigration authorities in the interior and detained pending the completion of removal proceedings. Recently, a divided panel of the Third Circuit Court of Appeals rejected the government's reading and application of mandatory detention under § 1225(b) to petitioners who fell into two different categories of cases – a *Hurtado* case and a *Q. Li* case – and concluded that such noncitizens may not be detained without a bond determination. *Buele Morocho v. Warden*, Nos. 26-1150 & 26-1454 (3d Cir. Aug. 28, 2026). This case appears to fall under the *Hurtado/Q. Li* category of cases where the Court has previously rejected the government's reading and application of § 1225(b)(2)(A) and ordered individualized bond hearings under § 1226(a) to take place in the immigration court.
>
> Recognizing that this Court is now bound to apply the Third Circuit's decision in *Buele Morocho*, and although the Government disagrees with the outcome in *Buele Morocho*, the Government agrees that it controls the instant case. As such, mandatory detention under § 1225(b)(2)(A) does not apply to Petitioner. Moreover, the Third Circuit having found that the petitioners' detention without bond hearings violated their procedural due process rights, "[t]he question remains what process is due." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). The government suggests that granting the habeas petition to the extent that it seeks a prompt individualized bond hearing under § 1226(a) in the immigration court would satisfy due process.

(*Id*. at 1-2) (footnote omitted).

Petitioner had until September 8, 2026, to file a reply brief. (Doc. 2). To date, no such brief has been filed.

Thus, Petitioner's habeas petition has been fully briefed and is ripe for adjudication.

## II. DISCUSSION AND FINDINGS

First, for the reasons stated in this Court's Memorandum Order in *Rivera Juarez v. Oddo et al.*, Civ. No. 3:26-718 (W.D. Pa), *see* Doc. 10, and in the United States Court of Appeals for the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026*)*, the Court finds that because Petitioner was detained in the interior of the United States approximately fourteen (14) years after he entered the United States without inspection, Petitioner's detention is governed by Section 1226(a), and not Section 1225(b), and thus, Petitioner is owed a bond hearing. *See Buele Morocho*, 2026 WL 2546223, at *5 ("The INA's broader statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders.").

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the

immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) directing Petitioner's immediate release from custody, with all of his possessions, including identifying and immigration documents; and (2) requiring at the ordered bond hearing that DHS bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified and barring DHS from invoking the automatic stay regulation if the immigration judge grants bond.

More specifically, where, as here, Petitioner has been detained for approximately one (1) month, Section 1226(a) and due process under the Fifth Amendment are satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered, and does not require release from custody as requested by Petitioner. *See Pico Bano v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo,* Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026)

(Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Nor, under the facts of this case, does either Section 1226(a) or due process mandate a bond hearing in which the burden of proof shifts to the Respondents to establish, by clear and convincing evidence, that Petitioner's continued detention is justified. *See Abai Makeshov v. Oddo et al.*, Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times,

*Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo*, Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot*, 906 F.3d at 279).

Finally, Petitioner's request that DHS be enjoined from invoking the automatic stay regulation if the immigration judge grants bond is "too speculative to support a grant of habeas relief." *Cielo v. Warden*, Civ. No. 3:26-1055, 2026 WL 2204641, at *3 (N.D. Ind. July 30, 2026). *See also Tequida Valencia v. Baltazar*, Civ. No. 26-1869, 2026 WL 1453642, at *5 (D. Colo. May 22, 2026) (determining: "Mr. Tequida Valencia asserts that the Court should preemptively enjoin various actions the Government might take after his bond hearing. . . . But whether Respondents will take those actions in this case is purely speculative."); *Cabrera-Hernandez v. Bondi*, Civ. No. 5:25-197, 2025 WL 3684694, at *3 (S.D. Tex. Dec. 2, 2025) (same).

SO ORDERED this 15th day of September, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record